Smith, P. J.
Action to recover for services 'rendered by the plaintiff to defendant under a special contract, in the business of selling for him, in the city of Buffalo, organs, -pianos and other musical instruments and music; and obtaining for him customers for the same. The term originally stipulated was four months, beginning on October 20, 1884; it was afterwards continued for another four months; and on June 10, 1885, the plaintiff, having served from the commencement of the term,' was dischargéd by the defendant. By the contract, the defendant agreed to pay the plaintiff for.his services, a' sum' equal to one third of the net profits resulting from the business,” ... . “ meaning by the term ‘net profits’'as used” therein “one third' of the entire proceeds of .the business.after deducting the entire cost and expense; of. said business.” "
The referee found that the amount of the - net profits of the business,-from October 28;-1884, at which time: plaintiff entered upon the--business, to June 10, 1885, was $2,678.70; that the' plaintiffs share of the same was $892;90, and that he had been paid thereon $520.72, leaving a balance due him of $872.18, for which sum, with interest from June 10,1885, the referee held the plaintiff was entitled to judgment., v
It appears that the business-consisted,-in large part, of the sale of organs and pianos on the installment plan; Upon monthly payments, the title remaining in the vendor until full'payment -of the purchase price, and that-at the time when the plaintiff was discharged, several. thousand dollars remained unpaid on. such-installments. The' referee included the sums unpaid oh such' conditional contracts, nr a large portion thereof;-in fixing" the amount of net profits. The appellant’s. counsel contends that in so doing, the referee erred,. We think the contention- is untenable. The agreement evidently contemplated that theplaihtiff should be entitled to full compensation for .his services, at the expiration of the term agreed upon by the parties. And as Iris compensation was to be one' third ■ of the entire proceeds of the business, after deducting its entire cost and expense, all the avails of the business as they existed at the expiration of his term were to be taken into account, in ascertaining the amount of net proceeds. ' That method of compensation would include amounts due on leases and conditional contracts of sale, as well as cash realized. - -
This, we think, is the fair interpretation of the language of the” contract. "It is "supported’ by' .one or two extraneous, circumstances. In the first place, it is. evident that both parties contemplated when they entered into the contract that sales might *273 be made upon the installment plan. The defendant had theretofore conducted his business on that plan; and, at the time when the plaintiff entered into his employment, the assets of the defendant in his store at Buffalo, of which the plaintiff took charge, consisted partly of musical instruments outstanding upon contracts of that nature. The plaintiff took charge of those contracts, collecting pay on them, and he continued to make sales upon that plan with the knowledge and assent of the defendant or his authorized agents. In the next place, the conditional contracts or leases made by plaintiff while in defendant’s employ were accepted by the defendant, when he discharged the plaintiff, and were thereby recognized .and treated by the defendant as part of the proceeds of the business. Lastly, in the inventories made by the defendant or his agents, at the beginning of the plaintiff’s employment, at the close of the first term of four months, and after the plaintiff was discharged, the conditional contracts were included as assets.
The result of adopting the defendant’s contention would be, that at the time when the plaintiff was discharged, his right to compensation was limited to one third of the cash proceeds of the business, after deducting expenses, and that as to the balance of the proceeds his right to compensation would be postponed till they were collected in. We do not think the contract can properly be so read.
The appellant’s counsel suggests that this construction of the contract, compels his client to bear all the losses that may occur upon the outstanding contracts. Presumably, the defendant can protect himself against loss, by resorting to his legal remedies for the collection of the installments due upon the contracts as they mature, or by retaking possession of the property. If the plaintiff negligently, or in bad faith, sold to irresponsible persons, he is doubtless liable to the defendant for his damages thus caused, but as no claim to recoup on that ground is made in the present action, it may be presumed that no such cause of complaint exists.
It is true that the usual meaning of the word “ profits,” is the excess of receipts over expenditures ; and as between partners, moneys earned ought, ordinarily, to be treated as profits in the year in which they are paid, and not as profits of the year in which they are earned. But the parties to the present controversy were not partners; as their agreement expressly declares. And in the present case, the contracting parties have, as we conceive, by their agreement and acts, given to the word “ profits ” the meaning above indicated, as it was competent for them to do.
It appears that two pianos and one organ, which were contracted to be sold by the plaintiff, were returned to the defend *274 ant, after tbe plaintiff was discharged, the purchasers being unable to pay for them, and that they were then of less value than when they were contracted for. The appellant’s counsel contends that the referee erred in including those contracts in the amount of assets. We fail to find any evidence in the case showing that they were so included. But if they were included, the evidence as to the property having been worth less when returned than when contracted, is conflicting, and the referee has not found that it was depreciated. The un contradicted testimony is to the effect that a part of the purchase price was paid. The plaintiff rendered services in respect to the articles in ■question as required'by his agreement; he contracted to sell them, with the knowledge and assent of the defendant or his .agents, as is to be inferred from the evidence, and, as is also to be inferred, at the time when he was discharged, the contracts -were accepted by the defendant, and treated as part of the assets.
The finding that the net profits amounted to $2, 678.70, is •challenged by the appellant’s counsel, as being without evidence •to support it. The witnesses on that subject differ, but the testimony of the expert, Mr. Hamilton, seems to support the finding, and indeed would have authorized the referee to find a somewhat larger sum:
' These views'meet all the positions taken by the appellant’s ■counsel, and lead to an affirmance.
Barker and Bradley, JJ., concur • Haight, J., not sitting.
Affirmed.